FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01991-BNB

SOLOMON BEN-TOV COHEN,
    Plaintiff,

v.

AGENT JASON CLEMENS, Immigration & Customs Enforcement, and
SHANA MARTIN, Assistant Chief Counsel, Dept. of Homeland Security,
    Defendants.

## ORDER OF DISMISSAL

Plaintiff Solomon Ben-Tov Cohen is being detained at the Immigration and Customs Enforcement Processing Center in Aurora, Colorado. Mr. Cohen has filed *pro se* a Prisoner Complaint claiming that Defendants have caused him to be denied release on bond. As relief Mr. Cohen seeks damages, a declaration that Defendants' actions are unlawful, and the correction of official records.

The Court must construe the complaint liberally because Mr. Cohen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss this action.

As noted above, Mr. Cohen claims in this action that Defendants' actions have caused him to be denied release on bond. He specifically alleges that Defendants have made false statements and perjured themselves on immigration forms filed in connection with Mr. Cohen's pending immigration case. Mr. Cohen asserts his claims pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971); the federal mandamus statute, 28 U.S.C. § 1361; and the "Federal Alien Tort Act," which may be a reference to 28 U.S.C. § 1350. The Court notes that Mr. Cohen currently has pending a separate application for a writ of habeas corpus pursuant to § 2241 in which he challenges his detention because his immigration bond was revoked. **See Cohen v. Mukasey**, No. 08-cv-01844-LTB-CBS (D. Colo. filed Aug. 28, 2008).

Mr. Cohen's claims for damages in this action must be dismissed because success on those claims necessarily imply the invalidity of his detention. In **Heck v. Humphrey**, 512 U.S. 477 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. The rule in **Heck** applies to claims asserted pursuant to **Bivens**. **See Crow v. Penry**, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). The rule in **Heck** also applies to Mr. Cohen's claims for damages asserted pursuant to 28 U.S.C. § 1350. **See Parris v.**

2

*United States*, 45 F.3d 383, 385 (10th Cir. 1995) (applying *Heck* to tort claims pursuant to the Federal Tort Claims Act). Furthermore, the rule in *Heck* is not limited solely to claims challenging the validity of criminal convictions; the rule also applies to claims seeking to invalidate the results of administrative proceedings. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow*, 102 F.3d at 1087 (stating that *Heck* applies to proceedings related to parole and probation).

It is apparent that Mr. Cohen has not invalidated his current detention that has resulted from the failure to release him on bond. Therefore, the Court finds that Mr. Cohen's claims for damages must be dismissed. The dismissal of those claims will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

As noted above, Mr. Cohen also seeks declaratory relief and correction of the official records. The claim for declaratory relief will be dismissed because Mr. Cohen fails to allege that Defendants' actions are likely to occur again. A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

Mr. Cohen's request for correction of the official records apparently is the mandamus claim asserted pursuant to 28 U.S.C. § 1361, which provides that a federal district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus relief pursuant to § 1361 is appropriate only if the plaintiff "has exhausted all other avenues of relief and

only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). To grant mandamus relief, the Court must find that the plaintiff has a clear right to the relief sought, that the defendants have a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988). Mr. Cohen's claim for mandamus relief will be dismissed because he fails to identify a clear right to the relief sought, that the defendants have a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 1 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01991-BNB

Solomon Ben-Tov Cohen
Prisoner No. L2580
Alien No. 77309675
Aurora/ICE Processing Center
11901 east 30th Avenue
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/08

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                   Deputy Clerk